```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
E.W. and P.W., Parents and Next )
Friend of their Minor Child, B.W., )
                              )
          Plaintiff,          )
                              )    Civil Action
v.                            )    No. 25-cv-11306-PBS
                              )
TOWN OF MARSHFIELD/MARSHFIELD  )
PUBLIC SCHOOLS/SCHOOL COMMITTEE/ )
MARSHFIELD POLICE, ARTHUR SHAW, )
and MICHAEL MACKINNON,        )
                              )
          Defendants.         )
_____)
```

## MEMORANDUM AND ORDER

November 3, 2025

Saris, J.

### INTRODUCTION

This case involves a cognitively disabled eighth grader in the Marshfield Public Schools, B.W., who was suspended after he threw a paper towel at another child in the bathroom. B.W. brings claims under 42 U.S.C. § 1983 alleging that two Marshfield police officers, Defendants Arthur Shaw and Michael MacKinnon, violated his federal due process rights by interfering with his right to attend school when they provided a "false" application for a criminal complaint to school officials. B.W. also asserts claims against the Town of Marshfield, other Marshfield municipal entities, and the police officers under state law. Defendants now

1

move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

After hearing, the Court **ALLOWS** the motion to dismiss (Dkt. 9) as to the federal due process claim (Count I) and dismisses the state-law claims without prejudice.

## BACKGROUND

The Court draws the following background from the well-pleaded facts in the complaint. See Burt v. Bd. of Trs. of the Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023).[1]

### I.   B.W.'s Neurofibromatosis Type I Diagnosis

As an infant, B.W. was diagnosed with Neurofibromatosis type 1 ("NF"), a neurological condition that impacts cognitive and physical functioning. NF caused B.W. to suffer numerous "neurological issues with executive functioning, self-regulation, attention, memory, pragmatic communication, social skills, visual-spatial processing, speed of processing, and anxiety." Dkt. 1 ¶ 14. Along with neurological issues, NF also caused continual growth of internal tumors throughout B.W.'s body. As a result of his NF diagnosis, B.W. receives regular assessments to monitor his cognitive functioning and special education services from his school district.

---

[1] Defendants attached a number of exhibits to their motion to dismiss. Because these exhibits do not affect the resolution of the motion, the Court need not decide which, if any, of these exhibits are properly considered at this stage.

2

## II. <u>The Incident on April 26, 2022</u>

During the 2021-2022 school year, B.W. was an eighth-grade student at Furnace Brook Middle School ("FBMS"). B.W. endured regular bullying by his classmates throughout the year. The students that bullied B.W. threatened to make public embarrassing photos of him getting "pantsed."

On the morning of April 26, 2022, B.W. was told by his bullies that if he did not get an embarrassing photo of another student, the bullies would release the picture of him getting "pantsed" to other students. In an effort to secure such a photo, B.W. opened the door of a bathroom stall that another student was using, threw a wet paper towel, and attempted to record the incident on his phone. The other student involved had no relationship to B.W. and was in a different grade. The school identified B.W. as the student who threw the wet paper towel and immediately suspended him.

A school resource officer reached out to the father of the student involved in the incident to see if he wanted to press charges against B.W. The father, a firefighter and part-time police officer for the Town of Marshfield, indicated that he wanted to press charges. The school resource officer drafted a report about the incident, which indicated that criminal charges would be sought based on the interest of the student's father.

3

### III. **B.W.'s Suspension After the Incident**

On May 10, 2022, B.W.'s mother received a phone call from Shaw, a Marshfield police lieutenant, who told her that B.W. was facing felony charges from the April 26 incident and that the matter would be handled by the Plymouth County District Attorney's Office. The same day, MacKinnon, a Marshfield police officer, acquired an application for a criminal complaint for two felony charges against B.W. from the juvenile court ("the Application"). The Application had a time and date stamp of May 10 but included no docket number. MacKinnon and Shaw presented this Application to the school that day, and FBMS extended B.W.'s suspension on the basis of the felony charges. B.W. alleges that MacKinnon and Shaw intentionally published false and defamatory information to FBMS, as they knew that no felony charges had actually been issued against B.W. and that the Application had not been filed with the juvenile court.

On May 11, 2022, the principal of FBMS called B.W.'s mother to inform her that B.W. had been charged with a felony and was being removed from the school. Over the next few days, B.W.'s parents twice spoke to a superior officer at the Marshfield Police Department, who indicated that no charges had been issued against B.W. and that MacKinnon was supposed to seek a hearing before a clerk magistrate.

B.W.'s parents challenged the suspension. At an appeal hearing on May 17, 2022, B.W. was readmitted to school on the basis that no criminal charges were pending against him at the time. In total, B.W. was out of school for 15 days. In a letter to B.W., the school acknowledged that it had received incorrect information from the Marshfield Police Department about criminal charges against B.W.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (cleaned up). This standard requires a court to "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018) (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). The court must then determine whether the factual allegations permit it "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Germanowski v. Harris, 854 F.3d 68, 72 (1st Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## DISCUSSION

### I. Due Process Claim Against MacKinnon and Shaw

B.W. alleges that Shaw and MacKinnon violated his due process rights under the Fifth and Fourteenth Amendments when they acted to keep him out of school by presenting a "false" application for a criminal complaint to FBMS and falsely telling FBMS that B.W. was facing felony charges. B.W. alleges that an application for a criminal complaint does not mean felony charges were actually pending and that Shaw and MacKinnon knew as much.

As a threshold matter, the Fifth Amendment claim must be dismissed because that amendment's Due Process Clause does not apply to local government actors. See Martínez-Rivera v. Sánchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007).

The Due Process Clause of the Fourteenth Amendment, which does apply to the Marshfield police officers, prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause "has both procedural and substantive components." Maldonado-González v. P.R. Aqueduct & Sewer Auth., __ F.4th __, __ (1st Cir. 2025) [2025 WL 2992255, at *3]. The right to procedural due process "ensures that government, when dealing with private persons, will use fair procedures." Harron v. Town of Franklin,

6

660 F.3d 531, 535 (1st Cir. 2011) (quoting DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005)). Substantive due process "safeguards individuals against certain offensive government actions, notwithstanding that facially fair procedures are used to implement them." Maldonado-González, __ F.4th at __ [2025 WL 2992255, at *3] (quoting DePoutot, 424 F.3d at 118).

The poorly worded and vague complaint does not appear to claim a procedural due process violation by Shaw or MacKinnon. Nor could it. There are no allegations that the two police officers were involved in FBMS's suspension proceedings or even attended. The earlier provision of false information to a school official that resulted in a suspension hearing does not constitute a violation of B.W.'s right "to be heard 'at a meaningful time and in a meaningful manner.'" Harper v. Werfel, 118 F.4th 100, 112 (1st Cir. 2024) (quoting Aponte-Rosario v. Acevedo-Vilá, 617 F.3d 1, 9 (1st Cir. 2010)), cert. denied, 145 S. Ct. 2867 (2025).

The main thrust of the complaint is that Shaw and MacKinnon deprived B.W. of his right to a public education by presenting to FBMS a false and defamatory application for a criminal complaint alleging B.W. was charged with felonies. This claim appears to sound in substantive due process. To establish a substantive due process violation in this context, a plaintiff must show, inter alia, "that the acts were so egregious as to shock the conscience." Wadsworth v. Nguyen, 129 F.4th 38, 51 (1st Cir. 2025) (quoting

7

Pagán v. Calderón, 448 F.3d 16, 32 (1st Cir. 2006)). Conscience-shocking behavior refers to conduct that is "truly outrageous, uncivilized, and intolerable." Doucette v. Jacobs, 106 F.4th 156, 172 (1st Cir. 2024) (quoting González-Droz v. González-Colón, 660 F.3d 1, 16 (1st Cir. 2011)). Put differently, this standard requires behavior "so extreme, egregious, or outrageously offensive as to shock the contemporary conscience." Id. at 171 (quoting DePoutot, 424 F.3d at 119). "The shock-the-conscience test is an extremely demanding one, and challenges analyzed under it rarely succeed." González-Fuentes v. Molina, 607 F.3d 864, 885 (1st Cir. 2010).

The allegations about Shaw's and MacKinnon's actions are troubling. They allegedly provided the school with false information that B.W., a cognitively troubled eighth grader who threw a paper towel at another student in the bathroom, was facing felony charges. Still, under established caselaw, these allegations do not rise to the level of conscience-shocking behavior necessary to satisfy the substantive due process standard, particularly because of the brevity of the suspension following Shaw's and MacKinnon's involvement (six days). Other cases have rejected substantive due process claims in similar circumstances. See Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617, 621-24 (1st Cir. 2000) (affirming dismissal of substantive due process claim where the plaintiffs alleged that police officers

8

deliberately lied in official documents and perjured themselves in court proceedings), abrogated on other grounds as recognized by, Maldonado-González, __ F.4th __ (1st Cir. 2025); McGrath v. Town of Sandwich, 22 F. Supp. 3d 58, 62-63, 68 (D. Mass. 2014) (dismissing substantive due process claim where a school resource officer allegedly lied about seeing photographs of injuries a student inflicted on another in a pre-suspension hearing); Schomburg v. Johnson, No. 08-cv-11361, 2009 WL 799466, at *2, *4 (D. Mass. Mar. 25, 2009) (holding in regard to a three-day suspension that "[a]s unfortunate as it may be, a short suspension from school, however unjust, does not 'shock the conscience' in any objective sense"). The Court therefore dismisses the due process claim (Count I).

## II.  Disposition of State-Law Counts

Because the only remaining counts arise under state law, the Court must next consider whether to exercise supplemental jurisdiction over them. "[I]t is settled law that district courts may decline to exercise supplemental jurisdiction over pendent state law claims when the anchor federal claims for those state law claims are dismissed." Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 36 (1st Cir. 2020); see 28 U.S.C. § 1367(c)(3); Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 546 n.5 (1st Cir. 2021). Indeed, in "the usual case [where] all federal-law claims are eliminated before trial," the

relevant factors of "comity, judicial economy, convenience, and fairness" will counsel "toward declining to exercise jurisdiction over the remaining state-law claims." Vazquez-Velazquez v. P.R. Highways & Transp. Auth., 73 F.4th 44, 53 (1st Cir. 2023) (quoting Redondo Constr. Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011)). Given the dismissal of B.W.'s federal due process claims, the Court declines to exercise supplemental jurisdiction over the state-law claims and dismisses them without prejudice.

## ORDER

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 9) is **ALLOWED** as to Count I, and the remainder of the claims are dismissed without prejudice.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge